IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRY ALAN BELLEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-083 |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Terry Alan Bellew ("Plaintiff"), proceeding *pro se*, appeals the decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

**I. BACKGROUND**

Plaintiff protectively applied for SSI on January 11, 2010, alleging a disability onset date of August 26, 1991. Tr. ("R."), pp. 58-59, 107-13. The Social Security Administration denied Plaintiff's application initially, R. 60-63, and on reconsideration,

---

[1]For ease of reference, the Court will hereinafter refer to the Acting Commissioner as "Commissioner."

R. 66-69. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 70-73, and the ALJ held a hearing on April 8, 2011. R. 27-57. At the hearing, the ALJ heard testimony from Plaintiff and his mother, Virginia Turnbull, and from Mary Cornelius, a Vocational Expert ("VE"). Id. On November 29, 2011, the ALJ issued an unfavorable decision. R. 11-26.

Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since January 11, 2010, the application date (20 C.F.R. §§ 416.971 *et seq.*).

2. The claimant has the following severe impairments: personality disorder not otherwise specified, antisocial traits, rule out mood disorder due to a general medical condition, seizure activity and anxiety disorder not otherwise specified (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant has limited, but satisfactory ability in the following areas: the ability to understand, remember and carry out detailed instructions; the ability to respond appropriately to changes in the work setting and to set realistic goals or make plans independently of others. The claimant can no more than occasionally climb but is precluded from all climbing with respect to ladders, ropes or scaffolds. The claimant should avoid all exposure to hazards such as machinery, heights or similar circumstances. The claimant has no past relevant work (20 C.F.R. § 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since January 11, 2010, the date the application was filed (20 C.F.R. § 416.920(g)).

R. 14-22. When the Appeals Council denied Plaintiff's request for review on January 16, 2013, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of the adverse decision.

Giving a liberal construction to Plaintiff's *pro se* briefs, he argues the Commissioner's decision is not supported by substantial evidence because the ALJ improperly found that he could work despite his seizures and mental disorders. See doc. no. 10 ("Pl.'s Br."). Specifically, Plaintiff claims his epilepsy, mood disorder, and anxiety disorder meet the corresponding criteria for those conditions in the Listings, and thus that the ALJ should have found him disabled. See doc. no. 19 ("Pl.'s Reply"). The Commissioner maintains that the ALJ's decision is supported by substantial evidence and should therefore be affirmed. See doc. no. 18 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to

determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (*per curiam*). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Plaintiff Failed to Establish Disability Under the Listings.

At step three of the sequential evaluation process, the Commissioner must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which describes impairments severe enough to prevent a person from performing any substantial gainful activity. Davis v. Shalala, 985 F.2d 528, 532 (11th Cir. 1993). Plaintiff bears the burden of showing that his condition meets or equals a Listing. Wilkinson *ex rel*. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987) (*per curiam*). In order to show that his impairment meets a Listing, Plaintiff must satisfy all of the specified medical criteria; an impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). It is axiomatic that when a claimant's condition meets or equals a Listing, the Commissioner must find the claimant disabled without regard to the claimant's age, education, or previous work experience. 20 C.F.R. § 416.920(d).

#### 1. Plaintiff Failed to Establish that His Epilepsy Satisfies the Criteria of Listing 11.02 or 11.03.

Plaintiff argues that his epilepsy prevents him from performing any work, and he therefore should have been found disabled. Specifically, Plaintiff claims he "[does] not know when seizures are going to happen or how long they will last nor severity of them, I have all kinds from grand mal to black outs." Pl.'s Br., p. 7. Plaintiff states that his seizures "get more frequent as time goes by even with meds," although he admits he "misses doses and forgets to take" his medication. Pl.'s Reply, p. 3.

Listings 11.02 and 11.03 contain the criteria for disability based on epilepsy. Under either Listing, the criteria may only be applied if the impairment persists "despite

5

the fact that the individual is following prescribed antiepileptic treatment," and require "[a]t least one detailed description of a typical seizure." 20 C.F.R. 404, Subpart P, Appendix 1, § 11.00(A). With respect to this description, "The reporting physician should indicate the extent to which description of seizures reflects his own observations and the source of ancillary information. Testimony of persons other than the claimant is essential for description of type and frequency of seizures if professional observation is not available." Id.

Listing 11.02, which contains the criteria for convulsive epilepsy, requires documentation "by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment." Id., § 11.02. Additionally, a claimant must demonstrate the existence of daytime episodes, during which he experiences loss of consciousness and convulsive seizures, or nocturnal episodes "manifesting residuals which interfere significantly with activity during the day." Id., §§ 11.02(A) & (B). Listing 11.03, which addresses nonconvulsive epilepsy, requires documentation of seizures "occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day." Id., § 11.03.

Here, the ALJ expressly addressed Plaintiff's seizures and Listings 11.02 and 11.03, and found that Plaintiff's condition did not meet either criteria. R. 16. The ALJ explained that Plaintiff's impairments "do not rise to listing level severity nor is there a medical opinion from an acceptable medical source that the claimed impairments, either

individually or in combination, are equivalent in severity to the criteria of any listed impairment." Id. Indeed, the treatment records do not contain the required detailed description and indicate that Plaintiff's seizures do not occur with the frequency or severity needed to meet the Listings. See R. 351-86, 399-447. The records also reflect that Plaintiff had not taken his medication prior to the seizures for which he was treated, indicating he was not compliant with his prescribed antiepileptic treatment as required by the both Listings. See, e.g., R. 352, 368-69, 372, 374, 377-81, 402, 434, 443. Therefore, substantial evidence supports the ALJ's conclusion that Plaintiff's epilepsy did not qualify him for a finding of disability under Listing 11.02 or 11.03.

### 2. Plaintiff Failed to Establish a Mental Impairment Satisfying the Criteria of Listing 12.04 or 12.06.

Plaintiff claims he has a mood disorder and an anxiety disorder, and that he cannot work because at times he tries to hurt himself and others. Pl.'s Br., p. 7. Listing 12.04 addresses affective disorders, and provides that such a disorder is "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation." 20 C.F.R. 404, Subpart P, Appendix 1, § 12.04. Listing 12.06 addresses anxiety related disorders and provides that a claimant is disabled if he suffers from anxiety that "is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders." Id., § 12.06.

Under both Listings, a claimant meets the required level of severity if he satisfies the criteria in paragraphs A and B or A and C of the particular listing. Id., §§ 12.00,

7

12.04, 12.06. Paragraph A of each listing identifies symptoms commonly associated with such disorders, and requires the claimant to provide medically documented findings of one or more of the listed symptoms. Id., §§ 12.04(A) & 12.06(A). To satisfy the 12.04(A), a claimant must provide medical documentation of depressive syndrome, manic syndrome, or bipolar syndrome. To satsify 12.06(A), the claimant must provide medical documentation of generalized persistent anxiety, persistent irrational fear resulting in a compelling desire to avoid the source of the fear, recurrent severe panic attacks, recurrent obsessions or compulsions, or recurrent intrusive recollections of a traumatic experience.

The paragraph B criteria are the same under 12.04 and 12.06. To satisfy the criteria, a claimant must show at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. Id., §§ 12.04(B) & 12.06(B). The term "marked" means more than moderate but less than extreme. Id., § 12.00C. Only if the claimant does not meet the criteria in Paragraph B, does the ALJ apply the additional functional criteria in paragraph C of each listing. Id., § 12.00(A).

Here, as stated above, Plaintiff failed to provide documentation from an appropriate medical source demonstrating he suffered from a disorder qualifying him for automatic disability under Listing 12.04 or 12.06. R. 16. Nevertheless, the ALJ considered whether Plaintiff's alleged mental conditions satisfied the criteria in paragraph B. The ALJ discussed at length Plaintiff's statements to consultative examiner Dr. John Whitley in February 2010 regarding his activities and limitations, as well as the

8

information he provided in an October 2010 function report. R. 17 (citing R. 139-48, 490-95). Based on these statements, the ALJ found Plaintiff had moderate restrictions in activities of daily living, social functioning, and maintaining concentration, persistence, or pace. Id. The ALJ further found that Plaintiff had no episodes of decompensation, and thus he concluded that Plaintiff's alleged disorders did not satisfy the paragraph B criteria. Id.

The ALJ then considered the additional functional criteria in paragraph C of each Listing. Based on the information in the record, the ALJ found that Plaintiff's alleged conditions did not satisfy the paragraph C criteria of either 12.04 or 12.06. R. 18. In sum, the ALJ properly analyzed Plaintiff's alleged mental conditions in light of the evidence on record, including Plaintiff's own statements regarding his limitations, and found that none of the criteria under Listings 12.04 or 12.06 had been satisfied. R. 17-18. Because the ALJ's determinations are supported by substantial evidence, his step three findings provide no basis for remand.

### B. The ALJ Properly Discredited the Subjective Testimony Regarding Plaintiff's Limitations.

After finding Plaintiff did not qualify for a finding of automatic disability at step three, the ALJ proceeded to analyze the evidence of record to determine Plaintiff's RFC. Because Plaintiff's claim was primarily based on his own testimony of his limitations, the ALJ discussed the credibility of his testimony at length. R. 18-20.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that

confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (*per curiam*) (internal quotation marks and citations omitted).

Here, the ALJ properly determined Plaintiff's RFC based on all of the evidence of record. First, the ALJ reviewed Plaintiff's alleged limitations as stated in his testimony at the hearing, his mother's testimony, and in a third party function report completed by Plaintiff's cousin. R. 19. The ALJ then discussed at length the many inconsistencies between such testimony and the medical evidence and Plaintiff's previous statements regarding his limitations. R. 18-20. Regarding the onset of Plaintiff's seizures, the ALJ

noted the varying accounts he had given, which included statements that he had suffered seizures since birth, had been diagnosed with epilepsy at age eighteen, and had started experiencing seizures only after sustaining a head injury in 2004. R. 19 (citing 2F/17, 2F/19, 13F/3). Plaintiff argues the ALJ erred in assessing his credibility, because any inconsistencies in his testimony regarding the onset of his seizures are due to his impaired memory. Pl.'s Reply, p. 2. However, the ALJ did not base his credibility determination on this inconsistency alone, but also discussed many additional discrepancies between the non-medical testimony of Plaintiff's limitations and his prior statements as to his daily activities. R. 19 (citing R. 126-35, 139-48, 490-95). The ALJ also found that medical opinions of the physicians who had evaluated Plaintiff "[did] not corroborate the claimant's allegations regarding the severity of his limitations." Id. (citing R. 387-94, 466-73).

The ALJ further discussed the results of Plaintiff's psychological evaluation, mental RFC assessment, and the opinions of two reviewing psychiatrists. R. 20 (citing R. 336-49, 448-51, 452-65, 490-95). The ALJ "gave the claimant the benefit of every doubt," and incorporated in Plaintiff's RFC the physical limitations stated in the most restrictive physician's opinion on record. R. 20. The ALJ also assigned great weight to the opinion and mental RFC assessment of reviewing psychiatrist Dr. Joseph Garmon, and included his opined limitations in Plaintiff's RFC. R. 18, 20 (citing R. 448-51, 452-65). In sum, the ALJ discussed Plaintiff's testimony regarding his limitations and properly found it was not credible because it was inconsistent with his prior statements and was uncorroborated by the medical evidence of record. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002) (upholding ALJ's decision to discredit claimant's

testimony where it was inconsistent with medical evidence and claimant's daily activities). Therefore, the ALJ did not err in assessing the evidence to determine Plaintiff's RFC, and this issue provides no basis for remand because his findings are supported by substantial evidence.

### C. The ALJ Properly Relied on the VE's Testimony.

Plaintiff argues the requirements for his limited past work as a janitor, which the VE testified he could perform, "will not work for epileptic people that cannot control when and how [seizures] occur." Pl.'s Br., p. 3. Plaintiff further argues that, contrary to the VE's testimony, he cannot perform any work because he commits acts during his seizures that are embarrassing and "put others and himself in danger." Pl.'s Reply, p. 3.

The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones, 190 F.3d at 1229 ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."). However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence. Crawford v. Comm'r of Social Sec., 363 F.3d 1155, 1161 (11th Cir. 2004).

Here, the ALJ asked the VE to consider two hypothetical individuals. R. 53-55. In the first hypothetical, which was consistent with the ALJ's RFC finding in his written decision, the VE was asked to consider an individual who:

> Has demonstrated no exertional impairments. However, there are postural restrictions . . . . He is limited to no more than occasional climbing. He is precluded from any climbing with respect to ladders, ropes or scaffolds. He is to avoid all exposure to hazards such as machinery, heights and similar circumstances. Also, there are psychological or emotional issues. He is limited as follows: His ability to understand, remember and carry out detailed instructions. And his ability to respond appropriately to changes in the work setting. And in his ability to set realistic goals or to make plans independently of others.

R. 52-53. The VE testified that Plaintiff could perform several jobs in the national economy, namely hand packer, hand laundry, dining room attendant, garment folder, and plastic assembler. R. 54.

In the second hypothetical, the VE was asked to consider an individual who, in addition to the above limitations, "experiences seizure activity at unpredictable intervals, lasting up to 15 minutes at a time. Again, roughly, three per week during the workday, where he's unable to focus and is off task." R. 54-55. The VE testified that such an individual could not perform any work in the national economy. R. 55.

As discussed above, the ALJ's RFC determination—and thus also the first hypothetical to the VE—included all of Plaintiff's limitations that were supported by substantial evidence. See Crawford, 363 F.3d at 1161. Therefore, the ALJ properly relied on the VE's testimony, and his finding that there is work Plaintiff can perform in the national economy is supported by substantial evidence. See McSwain, 814 F.2d at 619-20. Plaintiff's argument that the VE confirmed he could not perform any work given his seizures appears to reference the VE's response to the second hypothetical. Pl.'s Br., p. 3. However, the ALJ determined that Plaintiff's RFC matched the limitations of the first hypothetical, and found that the additional limitations included in the second hypothetical were not supported by the evidence of record. R. 18, 52-53. Therefore, this

13

issue provides no basis for remand.

### IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 12th day of June, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA